**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MICHAEL DARREN DARBY, | : | |
| Plaintiff, | : | Civil No. 10-1513 (NLH) |
| v. | : | |
| RICHARD J. GEIGER, et al., | : | **OPINION** |
| Defendants. | : | |

**APPEARANCES**:

> MICHAEL DARREN DARBY, #537015B, Plaintiff pro se
> New Jersey State Prison
> P.O. Box 861
> Trenton, New Jersey  08625

**HILLMAN**, District Judge

Plaintiff Michael Darren Darby, a New Jersey prisoner confined at New Jersey State Prison, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  The Court will grant Plaintiff's application to proceed in forma pauperis and, for the reasons expressed below and as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), dismiss the Complaint.

### I.  BACKGROUND

Plaintiff asserts violations of his constitutional rights by New Jersey Superior Court Judge Richard J. Geiger and Assistant Prosecutor Matthew Bingham.  In October 1991, Plaintiff pled guilty in the Superior Court of New Jersey to one count of first-degree murder and four counts of first-degree robbery.  On

December 3, 1991, Plaintiff was sentenced to life imprisonment plus 15 years, with a 35-year period of parole ineligibility. Plaintiff did not file a direct appeal.  In 2005, he filed his first state petition for post-conviction relief.  Plaintiff was represented by appointed counsel.  Defendant Judge Geiger denied relief in February 2007, the Appellate Division affirmed, and the New Jersey Supreme Court denied certification.  (Docket Entry #1, pp. 15-18.)

In October 2008, Plaintiff filed a petition for habeas corpus in this Court challenging the conviction.  See Darby v. Ricci, Civ. No. 08-4929 (NLH) (D. N.J. filed Oct. 6, 2008).  This Court dismissed the petition as untimely, denied Plaintiff's motions for reconsideration and for a stay.  Plaintiff filed a notice of appeal which is pending before the Court of Appeals.

In June of 2009, Plaintiff filed a second petition for post-conviction relief in the Superior Court of New Jersey.  On November 9, 2009, Judge Geiger denied relief.  (Docket Entry #1, p. 15.)  Defendant Bingham represented the state in that proceeding.

On March 22, 2009, Plaintiff filed the Complaint that is presently before this Court.  Petitioner thereafter submitted what he described as courtesy copies of his Reports/Complaints on Fraud, Misconduct and Abuse of Discretion Based upon Violation of U.S. Federal Law by Deprivation of Individual Rights, Immunities

and Protections, which he apparently submitted to Prison Legal News in Vermont, the United States Department of Justice, the New Jersey Attorney General, and the Federal Bureau of Investigation, for the purposes of their investigation, review and publication. (Docket Entry Nos. 3-6.)

In the Complaint (Docket Entry #1) before this Court, Plaintiff asserts that Judge Geiger violated his constitutional rights in the first and second petitions for post conviction relief by denying a candid determination on his ineffective assistance of counsel claims, misrepresenting legal facts, denying due process of law, denying equal protection of laws, committing intentional misconduct by favoring the prosecution, and otherwise violating Plaintiff's constitutional rights in the proceedings.  (Docket Entry #1, p. 11.)  Plaintiff contends that Assistant Prosecutor Bingham, who represented the state in the second petition for post-conviction relief, committed a fraud on the Superior Court by misrepresenting facts and violating Plaintiff's due process and other constitutional rights in the second post-conviction proceeding.  (Id., p. 12.)  Attached to the Complaint are approximately 80 pages from the underlying criminal proceeding, as well as the opinion of Judge Geiger in the second petition for post-conviction relief and this Court's Opinion in Plaintiff's habeas corpus case.  For relief, Plaintiff seeks damages and to set aside the adverse state court judgments.

## **II.  STANDARD FOR DISMISSAL**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

The pleading standard under Rule 8 was refined by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous

4

> departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1949 -1950 (citations omitted).

The Third Circuit observed that Iqbal hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was applied to federal complaints before Twombly.  See Fowler v. UPMC

---

[1] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

Shadyside, 578 F.3d 203 (3d Cir. 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  The Third Circuit instructs that, to determine the sufficiency of a complaint under the pleading regime established by Iqbal and Twombly,

> a court must take three steps:  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947.  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950.  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id.

Santiago v. Warminster Township, 629 F. 3d 121, 130 (3d Cir. 2010); see also Fowler, 578 F.3d at 210-11 ("a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts").

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff and based in prior precedent applies this principle even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).  With these

precepts in mind, the Court will determine whether the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III. DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331. Specifically, 42 U.S.C. § 1983 authorizes a person to seek redress for a violation of his or her federal rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

In this case, Plaintiff seeks damages from the Superior Court Judge who denied his petitions for post-conviction relief and the assistant prosecutor who represented the state in the second state petition for post-conviction relief. However, "judges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Stump v. Sparkman, 435 U.S. 349, 355-6 (1978)); see also Spuck v. Fredric, 2011 WL 693014 (3d Cir. Mar. 1, 2011) (judicial immunity barred prisoner's § 1983 claim against state judge presiding over post-conviction relief proceeding); Vasquez v. Dwyer, 377 Fed. App'x 225 (3d Cir. 2010) (same). In addition, Plaintiff sues the assistant prosecutor, but "[a]bsolute immunity applies to the adversarial acts of prosecutors during post-conviction proceedings . . . where the prosecutor is personally involved . . . and continues his role as an advocate." Yarris v. County of

Delaware, 465 F. 3d 129, 137 (3d Cir. 2006) (quoting Spurlock v. Thompson, 330 F. 3d 791, 799 (6th Cir. 2003)).  Because the alleged wrongdoing by Judge Geiger and prosecutor Bingham consists of acts relating to Plaintiff's state post-conviction relief proceedings, the damage claims against these defendants will be dismissed with prejudice.  To the extent that Plaintiff seeks to set aside the orders denying state post-conviction relief, that claim will be dismissed because such relief is not available under § 1983 and can only be obtained via a writ of habeas corpus (which this Court has denied).  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Vasquez v. Dwyer, 377 Fed. App'x 225, 226 (3d Cir. 2010).  The dismissal of the Complaint is with prejudice because amendment of the Complaint would be futile.  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint with prejudice.

                                        /s/ Noel L. Hillman
**NOEL L. HILLMAN, U.S.D.J.**

Dated:  March 29, 2011

At Camden, New Jersey